UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAURIE R. GLASER, DDS                    CIVIL ACTION

VERSUS                                   NO. 06-8906

STATE FARM FIRE & CASUALTY CO.           SECTION "C" (1)


ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under her homeowner's policy. The defendant removed based on jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity.[1] In the petition, the plaintiff demands the remaining policy limits under Louisiana's Valued Policy Law, La. Rev. Stat. §22:695,

---

[1] This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases. Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006). It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location. Case v. ANPAC Louisiana Insurance Co., 2006 WL 3615064 (E.D.La.). Therefore, removal under the MMTJA is improper.

which is $175,921.86.  (Petition, ¶¶ 15 - 17).   In its memorandum, the defendant acknowledges that it has paid the plaintiff $217,000.00, the policy limits under the flood policy for flood damage.   The Court is presented with a situation where the total flood policy payment actually exceeds the total remaining homeowner's policy limits at the time of removal.

The parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient

particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The Court is faced with a petition seeking policy limits under a homeowners policy where payment under a flood policy exceeds the homeowners limits.  The value of the plaintiff's claim, not the value of the underlying policy, determines whether the jurisdictional minimum is satisfied.  In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law.  Esposito v. Allstate Insurance Co., Civ. Act. No. 06-1837 "A" (Ap. 13, 2007); Weiss v. Allstate Insurance Co., 3007 WL 892869;  Caruso v. Allstate Insurance Co., 2007 WL 625830 (E.D.La.);  Chauvin v. State Farm Fire & Casualty Co., 450 F.Supp.2d 660 (E.D.La. 2006).

The Court finds that the allegations of the petition alone do not support a finding

3

that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments.   No affirmative proof of the actual loss claimed  has been presented.  The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,  IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 20th  day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE